BUFFALO SCALE COMPANY, INC., Respondent, v. VULCAN IRON WORKS, INC., Appellant.— All concur. (Appeal from order denying defendant's motion to vacate service of summons and complaint.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Wheeler, JJ.

LUELLA ALLEN, Plaintiff, v. BENJAMIN F. SHOEMAKER, Respondent, and CHARLES E. BUTCHER, Appellant.— All concur. (Appeal from order denying a motion to dismiss the cross claim in the answer.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Wheeler, JJ.

In the Matter of MILDRED G. TAFEL, Petitioner, against JOHN F. O'CONNELL et al., Constituting the State Liquor Authority, Respondents.— Memorandum: The record before us contains substantial evidence which, if given credence, would support the determination of the State Liquor Authority that the petitioner violated section 111 of the Alcoholic Beverage Control Law and the terms of the license issued to her, in that she permitted a person not mentioned in said license to avail himself thereof. The respondents having failed to introduce into evidence the application, the record discloses no evidence to support the further finding of the Authority that the petitioner made a false material statement in the application for the license issued to her as alleged in the first charge, and therefore said finding is disapproved. All concur. (Review of a determination by the State Liquor Authority revoking petitioner's liquor license.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Wheeler, JJ.

JACOB DUBBS et al., Appellants, v. EDWARD CHERNILA et al., Respondents.— All concur. (Appeal from final order and judgment of Erie Special Term, BATT, J., affirming a judgment of Buffalo City Court, COSGROVE, J., which dismissed the petition.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Wheeler, JJ. [See 280 App. Div. 882.]

ELIZABETH A. WINTERS, Appellant, v. KENMORE MOTORS CO., INC., Respondent, et al., Defendants.— Memorandum: The record discloses evidence which presented questions of fact for the jury and the court should not have dismissed the complaint. We think the evidence does not clearly show the place where the plaintiff fell or the exact defect in the sidewalk which caused her to fall. On the new trial those facts can be developed with greater clarity. All concur. (Appeal from part of judgment dismissing plaintiff's complaint as to defendant Kenmore Motors Co. The order set aside the verdict of the jury in favor of plaintiff and against the Kenmore Co. and dismissed the complaint, in a negligence action.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Piper, JJ.